**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LARRY RAY MCBEE, # 671834,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-01364** |
| | ) | |
| **GOVERNOR BILL LEE,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Larry McBee, who is in custody of the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed a pro se complaint asserting that his 60-year "life sentence," which requires mandatory service of 51 years before he is eligible for release, violates the Eighth Amendment. (Doc. No. 1). He has since filed an Amended Complaint asserting the same ground for relief. (Doc. Nos. 11, 11-1). The Amended Complaint is now before the Court for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.      FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 8). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 8) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

1

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Lois M. DeBerry Special Needs Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

2

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO AMEND COMPLAINT

Plaintiff's Motion to Amend Complaint (Doc. No. 11), will be granted. The attached Amended Complaint (Doc. No. 11-1) is now the operative complaint in this action.

## III. SCREENING STANDARDS

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## IV. ALLEGATIONS AND CLAIMS

In the Amended Complaint, Plaintiff alleges that he was convicted of first degree murder and sentenced to a prison term of 60 years pursuant to Tennessee Code § 40-35-501(h)(2), which limits sentence reduction credits to 15% of the sentence imposed. (Doc. No. 11-1 at 2). He asserts that this statute violates the Eighth Amendment and seeks an order finding the statute

3

unconstitutional and directing that his sentence be governed by Tennessee Code § 40-35-501(h)(1). (*Id.*).

## V. ANALYSIS

"Congress in enacting habeas and civil rights statutes and the Supreme Court in interpreting them have tried to mark that line using clear principles for when a claim falls into habeas versus § 1983." *Kitchen v. Whitmer*, 106 F.4th 525, 544 (6th Cir. 2024).[1] "[P]risoners can 'proceed under § 1983' if (1) they do not seek an 'injunction ordering immediate or speedier release into the community,' and (2) 'a favorable judgment would not necessarily imply the invalidity of their convictions or sentences.'" *Id.* at 539 (quoting *Skinner v. Switzer*, 562 U.S. 521, 533−34 (2011)). Otherwise, habeas corpus is the proper vehicle.

Here, Plaintiff asserts that he "is actually challenging the parole policy and procedures governing parole eligibility on his 'Life Sentence' via Tennessee statute 40-35-501(h)(2)." (Doc. No. 9 at 2); (*see* Doc. No. 12-1 at 2) ("Mr. McBee isn't challenging the length of his sentence, but is challenging not only the parole eligibility but also the constitutionality of [Tennessee Code] 40-35-501(h)(2)."). However, Plaintiff seeks an order changing his parole eligibility date. And "a prisoner's minimum sentence and a prisoner's parole eligibility date are inextricable." *Kitchen*, 106 F.4th at 541. By seeking to change his parole eligibility date, Plaintiff necessarily seeks to invalidate his sentence. *Id.*

Similarly, the other relief Plaintiff seeks, declaring Section 40-35-501(h)(2) to be unconstitutional, also would necessarily imply the invalidity of his sentence. *See Kitchen*,

---

[1] Plaintiff attaches and relies on the Sixth Circuit's summary of the district court's order in *Kitchen v. Snyder*, No. 18-11430, 2019 WL 3859887 (E.D. Mich. Aug. 16, 2019). (Doc. No. 9 at 2−3) (citing Doc. No. 9-2 at 1). However, the Sixth Circuit reversed the district court's judgment in that case, holding that the plaintiff's purported Section 1983 claims should have been brought in a habeas corpus action. *Kitchen*, 106 F.4th at 544.

106 F.4th at 541. Accordingly, Plaintiff's claim must be brought, if at all, in a habeas corpus action. *Id.* at 543 (reversing district court's grant of injunctive relief that altered the plaintiff's date for parole eligibility, holding that such claims must be brought in habeas corpus action, and directing district court to dismiss claims on remand). Plaintiff's Complaint will therefore be dismissed for failure to state a claim upon which relief may be granted. *See id.* at 534 n.4 ("Our court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is "cognizable," which likely implies that a *Heck* challenge more properly sounds in failure to state a claim as opposed to lack of subject-matter jurisdiction.").

This dismissal will be without prejudice to Plaintiff raising the same claims in a habeas corpus petition pursuant to 28 U.S.C. § 2254.[2]

## VI.  CONCLUSION

Plaintiff's most recent IFP Application (Doc. No. 8) is **GRANTED**. Plaintiff's Motion to Amend Complaint (Doc. No. 11) is also **GRANTED**.

The Court has screened the Amended Complaint, and this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's original IFP Application (Doc. No. 2) and pending motions (Doc. Nos. 7, 9, 10, and 12) are **DENIED** as moot.

This order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Any Section 2254 petition must comply with all applicable statutes, including the statute of limitations, 28 U.S.C. § 2244(d), statutory exhaustion requirement, 28 U.S.C. § 2254(b), and the statute governing second or successive petitions, 28 U.S.C. § 2244(b).